UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH L. HEARN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-2417-B |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, as Trustee | § | |
| for First Franklin Mortgage Loan Trust | § | |
| 2006-FF11, Mortgage Pass-Through | § | |
| Certificates, Series 2006-FF11, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Plaintiff Keith Hearn's Motion to Remand (doc. 5), filed July 24,

2013. For the reasons stated below, the Court finds that Plaintiff's Motion to Remand should be

and hereby is **DENIED**.

## I.

## BACKGROUND

Plaintiff Keith Hearn owns real property located at 9942 Ontario Lane, Dallas, Texas ("the

Property"). Doc. 1-5, Pl.'s Orig. Pet. 2. Hearn's dispute with Defendants arises out of an attempted

foreclosure on the Property. Doc. 1, Notice of Removal 2.

On June 3, 2013, Hearn initiated a civil action in the 116th Judicial District Court of Dallas

County, Texas, against Defendants Deutsche Bank National Trust Company, America's Servicing

Company, and Mortgage Electronic Systems, Inc. (collectively, "Defendants") and Trustee

Defendants Lisle Patton, Robert Forster, Robert Maris, and Matt Lindsey (collectively, "Trustee

Defendants") seeking a declaratory judgment that Defendant Deutsche Bank has no interest in the property. Doc. 1-5, Pl.'s Orig. Pet. Defendants removed to federal court on the basis of diversity. Doc. 1, Notice of Removal 3.

Hearn filed the instant Motion to Remand on July 24, 2013, maintaining that because Trustee Defendants are citizens of Texas and were properly joined, diversity jurisdiction is destroyed. Doc. 5, Pl.'s Mot. Remand 3-4. Further, Hearn insists that the amount in controversy does not exceed $75,000. *Id.* at 6. Defendants respond that Trustee Defendants' citizenship should not be considered for the purposes of assessing diversity jurisdiction because they were improperly joined, and that the amount-in-controversy requirement has been met because the value of the Property is $243,690.00, as established by an appraisal from the Dallas Central Appraisal District. Doc. 6, Defs.' Resp. 4.

## II.

## LEGAL STANDARD

Because the jurisdiction of the federal courts is limited, a federal court must presume that a suit falls outside its jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party invoking federal jurisdiction has the burden of establishing it. *Id.* In the removal context, this is the removing party. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Defendants may remove an action filed in state court to federal court if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §1441(a); 28 U.S.C. § 1332. Here, because Trustee Defendants are citizens of Texas, 28 U.S.C. § 1441(b) prevents

Defendants from removing the case unless Trustee Defendants were improperly joined. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Consequently, Defendants must show that Hearn improperly joined Trustee Defendants in order to establish federal subject matter jurisdiction. *See McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333-34 (5th Cir. 2004).

There are two ways a defendant may demonstrate improper joinder: (1) by showing actual fraud in the pleading of jurisdictional facts, or (2) by proving that the plaintiff will be unable to establish a cause of action against the non-diverse defendant under the applicable law. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Under this second method, Defendants must establish that there is no reasonable basis to predict that a plaintiff will be able to recover against the disputed defendants under applicable Texas law. *See Smallwood v. Illinois Cent.*, 385 F.3d 568, 573 (5th Cir. 2004). In order to predict whether a plaintiff has a reasonable basis of recovery under state law, a Court may either (1) conduct a Rule 12(b)(6)-type analysis to determine whether the allegations of the plaintiff's complaint state a claim under state law against the in-state defendant, or (2) pierce the pleadings and conduct a summary inquiry to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *Id.* at 573-74. A court must view all factual allegations in the light most favorable to the plaintiff, and any contested issues of fact or ambiguities of state law must be resolved in the plaintiff's favor. *Travis*, 326 F.3d at 649. Thus, Defendants assume a heavy burden in establishing improper joinder. *Id.*

## III.

## ANALYSIS

A.      *Diversity Jurisdiction—Improper Joinder*

Here the parties agree that Trustee Defendants are Texas residents, dispensing with any

argument of fraud in the pleading of jurisdictional facts. Thus the Court's analysis will center on the second inquiry, whether Plaintiff had a legally cognizable case against Trustee Defendants in Texas state court.

Hearn insists that he has a cause of action against Trustee Defendants under section 51.007(f). Doc. 5, Pl.'s Mot. Remand 4. Defendants contend that Trustee Defendants are improperly joined, and that section 51.007 precludes the assertion of causes of action against Trustee Defendants solely in their roles as Substitute Trustees. Doc. 1, Not. of Removal 4-5; Doc. 5, Defs.' Resp 2-3.

Section 51.007(a) of the Texas Property Code provides that a trustee named in a suit may plead in its answer that it "is not a necessary party by a verified denial stating the basis for the trustee's reasonable belief that the trustee was named as a party solely in the capacity as a trustee under a deed of trust, contract lien, or security interest." Tex. Prop. Code Ann. § 51.007(a). The other parties to the suit must then file a verified response within thirty days rebutting the trustee's verified denial. *Id.* § 51.007(b).  If there is no timely verified response filed, the trustee "shall be dismissed from the suit without prejudice." *Id.* § 51.007(c).

Here, Trustee Defendants filed their Original Answer with a verified denial on June 19, 2013, asserting that they were named solely in their capacity as Substitute Trustees and were not necessary parties. Doc. 1-7, Trustee Defs.' Answer Ex. B-4. Hearn did not submit a verified response within thirty days to rebut the verified denial. Ordinarily this failure to submit a verified response would mean that Trustee Defendants would be dismissed from the action without prejudice. Tex. Prop. Code § 51.007(c); *see also WAMCO XXVII, Ltd. v. Casa Grande Cotton Finance Co.*, 314 F.Supp.2d 655 (N.D. Tex. 2004)(dismissing defendant without prejudice based on failure to file a verified

response to verified answer). There is some uncertainty, however, over whether Trustee Defendants' denial was sufficient to merit dismissal under § 51.007(c). Section 51.007(a) requires a trustee to plead in its answer that the trustee is not a necessary party by "a verified denial *stating the basis* for the trustee's reasonable belief" that the trustee was named as a party solely in her capacity as a trustee. In *Marsh v. Wells Fargo Bank, N.A.*, 760 F.Supp.2d 701, 707 (N.D. Tex. 2011), the court held that this language required a trustee to do more than just swear to the mere fact of belief that it had been named as a party solely in the capacity as a trustee under a deed. According to the court's interpretation, a trustee was required to actually state the reason or justification for the trustee's reasonable belief, and thus the trustees' statement in that case that they "reasonably believe that they were individually named as parties solely in their capacity as trustees" was insufficient to merit dismissal under § 51.007(c). *Id.* at 707-08.

Trustee Defendants here made a very similar denial to the trustees in *Marsh*, stating that they have a "reasonable belief that they were named as parties in this litigation solely in their capacity as a Substitute Trustee under the Deed of Trust made the basis of this lawsuit." Doc. 1-7, Trustee Defs.' Answer 1-2. They also added that they believed "that their only connection with this lawsuit is their appointment as Substitute Trustee under the Terms of the Deed of Trust." *Id.* While this denial differs slightly from the denial in *Marsh*, it does not clearly state a basis for Trustee Defendants' reasonable belief, although it does at least suggest that their belief is based on the fact that they have no other connection to this litigation than as Substitute Trustees.

The Court need not decide this verified denial issue in order to rule on Defendants' claims of improper joinder, however, because even if Trustee Defendants are not dismissed under § 51.007(c), there is no reasonable basis for predicting that Hearn will be able to recover against

Trustee Defendants. *Smallwood*, 385 F.3d at 573. In his Petition, Hearn seeks a declaratory judgment that "Defendant Deutsche Bank National Trust Company . . . has no interest in Plaintiff [sic] homestead" and an accounting of all funds "received on behalf of Deutsche Bank" and "paid out by Deutsche Bank." Doc. 1-5, Pl.'s Orig. Pet. 4. Thus, Hearn only seeks relief against Defendant Deutsche Bank, and not against Trustee Defendants individually. At most, the requested relief only incidentally affects Trustee Defendants in their capacities as Substitute Trustees under the deed of trust, which is not sufficient to defeat diversity jurisdiction. *Marsh*, 760 F.Supp.2d at 710 (citing *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at \*4 (N.D. Tex. July 12, 2010)).

Even looking beyond the limitations of the relief Hearn seeks, the Court still finds that Trustee Defendants are improperly joined because Hearn's Petition does not otherwise state a claim against Trustee Defendants under Texas law. *Smallwood*, 385 F.3d at 573-74. Hearn alleges in his Motion to Remand that Trustee Defendants can be held accountable for their "bad acts or omissions" under 51.007(f) and suggests that Defendants must prove that Trustee Defendants are not jointly or alternatively liable for the claims against the other Defendants. Doc. 5, Pl.'s Mot. Remand 5. Hearn's Petition does not specify what "bad acts or omissions" Trustee Defendants committed, however. In fact, the Petition makes no allegations against Trustee Defendants and does not state any theory under which Hearn could recover against Trustee Defendants under state law. Furthermore, there is nothing in the evidence submitted by either party that indicates even a possibility that Hearn could maintain a separate cause of action against Trustee Defendants or that Hearn's charge of joint or alternative liability is anything more than a theoretical suggestion. The fact that there must be "no possibility of recovery by the plaintiff against an in-state defendant" in order for the Court to find fraudulent joinder does not mean that any mere theoretical possibility of

recovery under state law precludes removal. *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000); *Travis*, 326 F.3d at 648; *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("While the burden of demonstrating fraudulent joinder is a heavy one, we have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist."). Rather, there must be a reasonable basis for predicting liability. *Travis*, 326 F.3d at 648. Accordingly, the Court finds that there is no possibility of recovery against Trustee Defendants under the applicable state law. *Travis*, 326 F.3d at 647. Lisle Patton, Robert Forster, Robert Maris, and Matt Lindsey have been improperly joined and their citizenship will be disregarded for purposes of assessing diversity.

> B.      *Diversity Jurisdiction—Amount in Controversy*

To remove, Defendants must also show that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The district court must first look to the plaintiff's original state court petition and determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). When the plaintiff's complaint does not allege a specific amount, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995). If it is not facially apparent that the claims exceed $75,000, the removing party may provide "summary judgment-type" evidence to demonstrate that the claims exceed the amount in controversy. *Id.* If a defendant meets its burden of establishing the jurisdictional amount, then the plaintiff must show that as a matter of law it is certain that her claims actually amount to less than $75,000 by either filing a binding stipulation or affidavit with her petition. *De Aguilar*, 47 F.3d at 1412.

Hearn's Petition does not allege a specific amount in controversy. Doc. 1-5, Pl.'s Orig. Pet. Ex. B-2. As such, it falls to the Defendants to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendants offer a Dallas Central Appraisal District's appraisal as summary judgment-type evidence. Doc. 1-12, Appraisal Ex. C. Hearn disputes whether Defendants may rely upon this appraisal as evidence of the amount in controversy. Doc. 5, Pl.'s Mot. Remand 7. He also argues that the amount in controversy is not the value of his home. *Id.*

The appraisal printout from the Dallas Central Appraisal District is competent evidence that this Court may rely upon in determining the amount in controversy. The Court notes that it is not uncommon for the court to receive evidence of property value similar to the evidence that Defendants submit here. *See, e.g.*, *Stewart v. Bank of Am., N.A.*, No. 3:12-cv-2630-M-BK, 2012 WL 5903801, at *2 (N.D. Tex. Oct. 31, 2012) (finding Dallas Central Appraisal District valuation to be persuasive); *Hayward v. Chase Home Fin., LLC*, No. 3:10-cv-2463-G, 2011 WL 2881298, at *4 (N.D. Tex. July 18, 2011) (relying on a property appraisal from the Dallas Central Appraisal District as proof of the amount in controversy); *McDonald v. Deutsche Bank National Trust Co.*, No. 3:11-cv-2691-B, 2011 WL 6396628, at *2 (N.D. Tex. Dec. 20, 2011) (accepting appraisal from Dallas Central Appraisal District as proof of property value). Although Hearn objects to the appraisal printout as hearsay, it is actually a public record under Rule 803(8) because it represents the findings of a governmental process to collect information about real property. *Kew v. Bank of America, N.A.*, No. H-11-2824, 2012 WL 1414978, at *3 n.4 (S.D. Tex. Apr. 23, 2012); *Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 WL 5140064, at *4 (S.D. Tex. Dec. 10, 2010). Furthermore, because the same document is readily accessible through the Internet, there is no lack of trustworthiness. Finally, even if the appraisal was not admissible, the Court could likely take judicial

notice of the fair-market value under Rule 201 because the value can be easily ascertained through the Dallas Central Appraisal District's website. Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Kew*, 2012 WL 1414978, at *3 n.4. Thus, the appraisal printout is admissible as evidence of the amount in controversy in this case.

Hearn also contends that the amount-in-controversy requirement is not met because the true nature of this action is to prevent Defendants from taking possession of the Property and therefore does not call into question the rights to the Property. Doc. 5, Mot. Remand 7-8. Thus, under Hearn's view of the case, the Property's value is not the same as the amount in controversy, although he does not indicate what the alternative measure of the amount in controversy should be. *Id.* Hearn relies on *Ballew v. America's Servicing Co.*, No. 4:11-cv-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011) and argues that he does not dispute the validity of a security interest, but instead only contests the authority of Deutsche Bank to foreclose on the property. *Id.* Defendants respond that the relief Hearn seeks directly implicates the value of the Property, and that the Property's appraised value is the amount in controversy. Doc. 6, Defs.' Resp. 4.

Where the plaintiff seeks a declaratory judgment or injunctive relief, the amount in controversy is "measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 272, 729 (5th Cir. 1983). In other words, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). This value is measured from the plaintiff's perspective. *Adams v. Nationwide Mut. Ins. Co.*, No. 3:02-CV-1607, 2003 WL 21251734, at *3 (N.D. Tex. Mar. 28, 2003) (quoting

*Alfonso v. Hillsborough County Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962); *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 639 (5th Cir. 2003). When "a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961). Hearn argues that requesting a declaratory judgment that Deutsche Bank has no interest in the Property does not call Defendants' right to the Property into question in its entirety. The actual purpose of Hearn's suit, however, is succinctly stated in his own Motion to Remand: "to prevent defendants from taking possession of the property pursuant to their foreclosure proceedings, [and] to allow the Plaintiff to continue to possess the property." Doc. 5, Pl.'s Mot. Remand 6. Hearn seeks to cut off any right that Deutsche Bank might have to the Property and to shield his own rights to the Property from impending foreclosure. Thus, the "object of the litigation" is the property, and not, as Hearn alleges, his rights to be foreclosed upon by someone with proper authority or to secure a declaration as to Deutsche Bank's rights to the Property. *See Dillard Family Trust v. Chase Home Finance, LLC*, No. 3:11-cv-1740-L, 2011 WL 6747416, at *4 (N.D. Tex. Dec. 23, 2011) (finding that the amount in controversy equaled the value of the property when plaintiff sought a declaration to quiet title to property); *Mason v. Bank of America, N.A.*, No. 4:12-cv-0291, 2013 WL 589556, at *2 (E.D. Tex. Feb. 14, 2013) (Slip Copy) (finding that the value of the property was the amount in controversy when plaintiff sought a declaration that the Note and Deed of Trust on his property were unenforceable and an injunction to prevent foreclosure); *Martinez v. BAC Home Loans Servicing, LP*, 777 F.Supp.2d 1039, 1047-51 (W.D. Tex. 2010) ("If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation."). Moreover, because Hearn seeks a declaration that Deutsche Bank has no interest in the property, he has called into question the

validity of Deutsche Bank's right to the Property in its entirety, and thus the value of the property is the appropriate measure of the amount in controversy. *Waller*, 296 F.2d at 547.

Hearn's reliance on *Ballew* is misplaced. In *Ballew*, the plaintiffs sought a declaration that would have required the defendants to produce the original promissory notes so that the plaintiffs could discern who possessed authority to foreclose on their property. 2011 WL 880135, at *3. The plaintiffs in *Ballew* also sought an injunction that would have forestalled the foreclosure proceedings until the merits of the case were decided. *Id.* While Hearn argues that he only asks for a declaration as to Deutsche Bank's authority to foreclose, the actual relief he requests in his petition is a declaration that Deutsche Bank "has no interest in" the Property. Doc. 1-5, Orig. Pet. 4. Hearn may argue that, like the plaintiffs in *Ballew*, he is not disputing the validity of any note or security interest, but his requested relief asks the Court to extinguish any possible interest or claim that Deutsche Bank has in the Property and does not just Hearn an opportunity to determine who may foreclose on the Property as in *Ballew*.

For the reasons stated above, the proper measure of the amount in controversy in this case is the value of the Property. The appraisal printout submitted by Defendants shows the value of the Property to be $243,690.00. Hearn does not provide counter-evidence to this point. Because the printout is uncontroverted, competent evidence, the Court finds by a preponderance of the evidence that the amount in controversy requirement is met in this case.

C.      *Written Consent*

Additionally, Hearn argues Defendants did not obtain written consent from all properly served defendants before removing the case. This is not the case. Defendants received written consent from Trustee Defendants prior to filing for removal. Doc. 1-13, Trustee Defs.' Consent Ex.

D. Thus, the Court finds no issue as to written consent.

## IV.

## CONCLUSION

For the reasons stated above, the Court concludes that Trustee Defendants were improperly joined, and that Defendants sufficiently proved that the amount in controversy exceeds $75,000. The Court therefore **DISMISSES** Defendants Lisle Patton, Robert Forster, Robert Maris, and Matt Lindsey as improperly joined. Because it is undisputed that Hearn and Defendants Deutsche Bank, America's Servicing Company, and Mortgage Electronics Systems, Inc., are diverse citizens, the Court has subject matter jurisdiction. Accordingly, the Court **DENIES** Plaintiff's Motion to Remand.

**SO ORDERED.**

**SIGNED November 18, 2013.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE