UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH L. HEARN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-2417-B |
| | § | |
| DEUTSCHE BANK NATIONAL | § | |
| TRUST COMPANY, as Trustee | § | |
| for First Franklin Mortgage Loan Trust | § | |
| 2006-FF11, Mortgage Pass-Through | § | |
| Certificates, Series 2006-FF11, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Deutsche Bank National Trust Company ("Deutsche Bank"), America's Servicing Company ("ASC"), and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss (doc. 16), filed February 26, 2014. For the following reasons Defendants' Motion to Dismiss is **GRANTED**.

### I.

### BACKGROUND[1]

The present case involves events surrounding a home mortgage loan and a looming foreclosure sale. Plaintiff Keith Hearn obtained a home equity loan from First Franklin, A Division of Nat. City Bank of IN ("First Franklin"), on April 29, 2006, for $231,200. Doc. 16, Defs.' Br. 3;

---

[1]The Court draws its factual account from the allegations contained in Hearn's Original Petition. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that, when considering a motion to dismiss pursuant to Rule 12(b)(6), "all facts pleaded in the complaint must be taken as true").

Doc. 17-1, Note Ex. A. The promissory note was secured by a deed of trust conveying a security interest in the real property and improvements at 9942 Ontario Lane, Dallas, Texas ("the Property"). Doc. 16, Defs.' Br. 3. On June 26, 2009, MERS, acting as nominee for First Franklin, assigned the note and deed of trust to Deutsche Bank. *Id.* at 3; docs. 17-3, Assignment Ex. C; 17-4, Corrective Assignment Ex. D. Hearn made regular payments for a time, but eventually defaulted on his loan. Doc. 16, Defs.' Br. 4. Pursuant to Texas law and the Texas Rules of Civil Procedure 735 and 736, a party must follow certain procedures and obtain a court order prior to foreclosing on a home equity loan. TEX. CONST. art. XVI § 50(a)(6)(C). Deutsche Bank filed an application for an expedited order allowing it to foreclose under Rule 736, and received a Home Equity Foreclosure Order on April 10, 2013. Docs. 16, Defs.' Br. 4; 17, Foreclosure Order Ex. E.

On June 25, 2013, Hearn commenced this suit in the 116th District Court of Dallas County, Texas. Doc. 1-5, Orig. Pet. Ex. B-2. In his Original Petition, Hearn seeks a declaratory judgment that Deutsche Bank has no interest in the Property and an accounting of all funds received on behalf of and paid out by Deutsche Bank. *Id.* ¶¶ 16-18. On June 25, 2013, Defendants removed the case to this Court. Doc. 1, Not. of Removal 3. On February 26, 2014, Defendants filed the present Motion to Dismiss Hearn's Original Petition for Failure to State a Claim (doc. 16), pursuant to Federal Rule of Civil Procedure 12(b)(6). The Defendants' Motion is fully briefed and ripe for review.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for failure to state a

claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007) (quoting *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)). In order to survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged–but it is has not 'show[n]'–'that the pleader is entitled to relief.'" *Ashcroft*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

When considering a Rule 12(b)(6) motion, the Court is generally confined to the complaint and any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Documents attached to a defendant's motion to dismiss, however, "are considered part of the pleadings if they are central to [plaintiff's] claim" and are referenced in the complaint. *Collins*, 224 F.3d at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Furthermore, the Court can take notice of matters of public record when deciding a 12(b)(6) motion. *Bennett v. JPMorgan Chase*, No. 3:12-CV-212-N, 2013 WL 655059, at *3 (N.D. Tex. Feb. 5, 2013) (citing *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)).

## III.

## ANALYSIS

Defendants assert that Hearn's Petition should be dismissed because Hearn does not allege any factual allegations upon which a substantive claim could be based. Doc. 16, Defs.' Br. 6. They insist that Hearn's arguments in his Response rest on the roundly rejected "show-me-the-note" theory, and that documents incorporated by reference into the Petition show that Deutsche Bank has authority to foreclose on the Property. Doc. 19, Defs.' Reply 2-3. Defendants also assert that Hearn is not entitled to an accounting because an accounting is not an independent cause of action and, even if it were, Hearn can use standard discovery procedures to discover the necessary facts. Doc. 16, Defs.' Br. 7-8. Defendants also argue that any claims against MERS and ASC should be dismissed because Hearn makes no allegations against them individually. *Id.* at 5-6. Hearn responds by citing to the Uniform Commercial Code and insisting that in order enforce the note, Deutsche Bank must show that it is a person entitled to enforce the note under the UCC, which in turn requires it to demonstrate possession of the original note. Doc. 18, Pl.'s Resp. 1-4. Hearn additionally argues that an accounting is necessary to show whether the note was dishonored, and thus whether Deutsche Bank is entitled to sue on the dishonored instrument or underlying contract. *Id.* at 4. Finally, Hearn asserts that Deutsche Bank must show that the deed of trust was negotiated, not just assigned, in order to establish that Deutsche Bank is entitled to enforce the note or deed of trust. *Id.*

The Court will first address Hearn's claim for declaratory relief and his arguments that Defendants must show that they possess the original note prior to foreclosing. The Court will then turn to Hearn's claim for an accounting.

A.   *Declaratory Judgment Claim*

Initially, the Court notes that Hearn's spare pleadings do not contain sufficient allegations upon which he could base a claim for declaratory relief. While Hearn seeks a declaratory judgment that Deutsche Bank has no interest in the Property, he only alleges in his Petition that he "never executed" a promissory note or deed of trust to Deutsche Bank. Doc. 1-5, Orig. Pet. ¶¶ 15-16. Nowhere in his Petition does Hearn claim that Deutsche Bank was not later assigned the note or deed of trust, nor does he allege any other facts that could give rise to an inference that Deutsche Bank lacks an interest in the Property. Hearn's Petition therefore fails on its face to plead a claim for declaratory relief and his claim should therefore be dismissed. *See Bell v. Bank of America Home Loan Serv., L.P.*, No. 4:11-CV-2085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a "present controversy" existed between her and the defendant); *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *5-*6 (N.D. Tex. Aug. 16, 2011) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

In order to overcome the deficiencies in his Petition, Hearn argues in his Response that Deutsche Bank must show that it is a person entitled to enforce the note, and thus must be in possession of the original note, in order to foreclose on the Property. Doc. 18, Pl.'s Resp. 2-4. Hearn's argument that Defendants must be in possession of the original note in order to foreclose fails, however, because it is a reiteration of the "show-me-the-note" theory. *See Islamic Ass'n of Desoto, Texas, Inc. v. MERS*, No. 3:12-CV-0613-D, 2012 WL 2196040, at *2 (N.D. Tex. June 15, 2012) (collecting cases criticizing the "show-me-the-note" theory); *Rearden v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011). This theory purports "that only

the holder of the original wet-ink signature note has the lawful power to initiate a non judicial foreclosure." *Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-0350, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011). The theory has been repeatedly rejected by courts in the Fifth Circuit as having no merit "because foreclosure statutes simply do not require possession or production of the original note." *Puig v. Citibank, N.A.*, No. 3:11-CV-0270-L, 2012 WL 1835721, at *5 (N.D. Tex. May 21, 2012). *See also Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 253 (5th Cir. 2013) ("The original, signed note need not be produced in order to foreclose."); *Bennett v. JPMorgan Chase*, No. 3:12-CV-212-N, 2012 WL 2864751, at *3 (N.D. Tex. June 12, 2012), *recommendation adopted by* 2012 WL 2864467 (N.D. Tex. July 12, 2012); *Cervantes v. U.S. Bank Nat'l Ass'n*, No. 3:12-CV-0661-D, 2012 WL 1605558, at *3 (N.D. Tex. May 8, 2012).

Under Texas law, promissory notes and deeds of trust are distinct obligations that afford lenders distinct remedies upon default, "the note against the borrower and the lien against the real property." *Bierwirth v. BAC Home Loans Serv., L.P.*, No. 3:11-0644-CV, 2012 WL 3793190, at *3 (Tex. App.–Austin Aug. 30, 2012, no pet.). When a lender seeks a personal judgment against the borrower, it generally must "demonstrate that it is the holder of the note by producing the original wet-ink instrument." *Millet v. JP Morgan Chase, N.A.*, No. SA-11-CV-1031-XR, 2012 WL 1029497, at *3 (W.D. Tex. Mar. 26, 2012). By contrast, "[f]oreclosure is an independent action against the collateral" that "enforces the deed of trust, not the underlying note." *Reardean*, 2011 WL 3268307, at *3.

"The Texas Property Code provides that either a mortgagee or mortgage servicer may administer a deed of trust foreclosure without production of the original note." *Crear v. JP Morgan Chase Bank, N.A.*, No. 10-10875, 2011 WL 1129574, at *5 n.1 (5th Cir. Mar. 28, 2011) (citing TEX.

PROP. CODE ANN. §§ 51.002, 51.0025). In other words, Courts have held that the Texas Property Code does not require a mortgagee to produce proof of possession of the original note or deed of trust before conducting a non-judicial foreclosure sale. *See, e.g., Bennett*, 2012 WL 2864751, at *3; *Darocy v. Chase Home Fin., LLC*, No. 3:10-CV-1259-L, 2012 WL 840909, at *10 (N.D. Tex. Mar. 9, 2012); *Cole v. Fed. Home Loan Mortg. Corp.*, No. 3:11-CV-1833-M-BK, 2012 WL 555194, at *2 (N.D. Tex. Jan. 23, 2012), *recommendation adopted by* 2012 WL 556055 (N.D. Tex. Feb. 21, 2012). Furthermore, there is no requirement under Texas law that a party foreclosing on a property secured by a note be the holder or possessor of the note. *Sawyer v. Mortg. Electr. Registration Sys., Inc.*, No. 3:09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb.1, 2010) (citing TEX. PROP. CODE ANN. § 51.0025); *see also Darocy*, 2012 WL 840909, at *10 (explaining that § 51.0025 of the Texas Property Code "contemplates that someone other than the holder of the original [security instrument] may lawfully foreclose on the security interest"). The Code defines mortgagee as "the grantee, beneficiary, owner, or holder of a security instrument," or "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." TEX. PROP. CODE ANN. § 51.0001(4)(A),(C). A "mortgage servicer" is "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." *Id.* § 51.0001(3). As the statute provides, being the "holder" of a security instrument is only one of several ways to prove mortgagee status. *See* TEX. PROP. CODE ANN. § 51.0001(4)(A),(C).

Hearn's argument that Defendants, and specifically Deutsche Bank, must possess the note in order to foreclose on the Property therefore fails as a matter of law because it overlooks that a

mortgagee or mortgage servicer need not possess the note in order to foreclose.[2] Again, foreclosure enforces the deed, not the note, and the pleadings conclusively show that Deutsche Bank was assigned the deed of trust and was therefore entitled to enforce it, irrespective of whether it actually possessed the note. *Svoboda v. Bank of Am., N.A.*, 13-50818, 2014 WL 2547762, at *4 (5th Cir. June 6, 2014) ("The note and deed of trust offer 'distinct remedies on separate obligations,' so the foreclosing party does not have to possess the note when the deed of trust authorizing it to foreclose has been properly assigned."). Specifically, Defendants attach certified copies of the original note and deed of trust to their Motion to Dismiss, as well as a certified copy of the assignment of the note and deed of trust from MERS to Deutsche Bank. Docs. 17-1, Note Ex. A; 17-2, Deed of Trust Ex. B; 17-3, Assignment Ex. C. Defendants also submit a copy of a corrective assignment in which MERS corrects Deutsche Bank's name on the original Assignment. Doc 17-4, Corrective Assignment Ex. D. These documents demonstrate that MERS assigned the note and deed to Deutsche Bank, and

---

[2]Hearn contends that, under the UCC, Deutsche Bank must demonstrate that it is the person entitled to enforce the note through foreclosure, which necessarily requires it to show that it is "in possession" of the note. Doc. 18, Pl.'s Resp. 4. Hearn's reliance on the UCC is misplaced, however, because the UCC only addresses the enforceability of negotiable instruments, while foreclosure is conducted pursuant to the deed of trust, which is a contract. *Coleman v. Bank of New York Mellon*, No. 3:12-CV-4783-M-BH, 2013 WL 1187158, at *3 n.2 (N.D. Tex. Mar. 4, 2013); *McLemore v. CitiMortgage, Inc.*, No. 3:12-CV-713-M-BH, 2013 WL 775350, at *4 n.6 (N.D. Tex. Feb. 8, 2013); TEX. BUS. & COM. CODE ANN. §§ 3.201, 3.203,and 3.204 (providing the requirements for the negotiation, transfer, and endorsement of a negotiable instrument). Moreover, the UCC does not apply to defendants' foreclosure efforts because the deed of trust places a lien on real property. *See Carrillo v. Bank of America, N.A.*, No. H-12-3096, 2013 WL 1558320, at *3 (S.D. Tex. Apr. 11, 2013) (citing *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.–San Antonio 1998, no pet.)) and TEX. BUS. & COMM. CODE ANN. § 9.109(d)(11) (stating that the UCC does not apply to secured transactions involving "the creation or transfer of an interest in or lien on real property)). Furthermore, a party does not have to be a holder of a security instrument in order to foreclose under Texas law. TEX. PROP. CODE ANN. § 51.0001(4)(A),(C). The same logic applies to Hearn's argument that Deutsche Bank cannot be the person entitled to enforce the note and deed of trust because UCC § 3-203 requires that all negotiable instruments be transferred by negotiation. Doc. 18, Pl.'s Resp. 4. Hearn stresses that Deutsche Bank has only pointed to the assignment, and not the negotiation, of the note and deed and trust. *Id.* Again, however, the UCC only applies to negotiable instruments, and not contracts, like the deed of trust.

that Deutsche Bank, as "the last person to whom the security interest ha[d] been assigned of record," became the mortgagee. TEX. PROP. CODE ANN. § 51.001(4)(C); *Jones v. Deutsche Bank Nat'l Trust Co.*, No. 3:12-CV-3929-L, 2013 WL 3455716, at *8 (N.D. Tex. July 9, 2013). Deutsche Bank therefore assumed all of MERS's rights in the Property, including the power to foreclose upon Hearn's default, and could lawfully conduct a non-judicial foreclosure under Texas law. Doc. 17-1, Deed of Trust Ex. B, at 2-3.[3] Accordingly, Hearn's claim that Defendants, and specifically Deutsche Bank, could not foreclose because they have not produced the original note cannot support a claim for relief as a matter of law, and Hearn's claim for declaratory relief must be, and hereby is, **DISMISSED**.

The fact that the state court issued a Home Equity Foreclosure Order pursuant to Texas Rule of Civil Procedure 736 prior to the filing of this action does not affect the Court's analysis. To the extent that Hearn attempts to argue that the Rule 736 proceedings that produced the foreclosure order somehow make this a case of judicial foreclosure, and that Defendants must produce the

---

[3]The Court notes that, contrary to Hearn's assertions in his Response, Defendants do not have to submit documents to prove the statement in their brief that they are owners and holders of the note and deed of trust in order to succeed on their motion to dismiss. Doc. 18, Pl.'s Resp. 1-2. Again, when considering a motion to dismiss, the Court generally only relies on the allegations made in the pleadings, and does not base its decision on allegations raised for the first time in the motion to dismiss or the plaintiff's response. *Collins*, 224 F.3d at 498; *Schieroni v. Deutsche Nat'l Bank Trust Co.*, No. H-10-663, 2011 WL 3652194, at *6 (S.D. Tex. Aug. 18, 2011) (noting that new allegations cannot be raised in response to a motion to dismiss). As noted, Hearn's spare allegations in his Petition do not support a claim for relief here, regardless of whether Deutsche Bank claims it is the owner and holder of the note and deed of trust. Additionally, while the Court does rely on documents attached to the motion to dismiss in order to strengthen its holding here, in doing so it does not exceed the prescribed scope of its review because these documents are considered part of the pleadings as long as they are central to plaintiff's claim and are referenced in the complaint. *Collins*, 224 F.3d at 498-99. Both the note and the deed of trust are referenced in Hearn's Petition and are central to the Petition, and the Court may therefore rely upon them. Furthermore, the recorded assignment attached to Defendants' Motion are matters of public record that the Court may take judicial notice of when deciding a 12(b)(6) motion. *Bennett v. JPMorgan Chase*, 2013 WL 655059, at *3.

original note prior to judicial, rather than non-judicial, foreclosure, his argument fails. Hearn does not point to any authority, nor can the Court find any, indicating that a plaintiff must prove that it possesses the original note prior to judicially foreclosing. *See Huston v. U.S. Bank Nat'l Ass'n*, No. H-10-3702, 2012 WL 652589, at *2 (S.D. Tex. Feb. 28, 2012) ("While Plaintiffs urge the Court to disregard these cases [which held that Texas does not require a party to produce the original note in order to foreclose] because they discuss non-judicial, rather than judicial, foreclosure, Plaintiffs provide no basis for this distinction and no caselaw containing this requirement for judicial foreclosures."). Moreover, the Court doubts that the Rule 736 procedure for securing an order permitting foreclosure on a home equity loan constitutes a judicial foreclosure. Rule 736 sets forth the procedures that were promulgated by the Texas Supreme Court related to foreclosing on certain liens, including home equity loans. TEX. R. CIV. P. 735.1; *see Huston v. US. Bank Nat'l Ass'n*, 359 S.W.3d 679, 682 (Tex. App.–Houston [1st Dist.] 2011, no pet.). Under Texas law, a party must secure a court order in order to foreclose on a home equity loan. TEX. CONST. art. XVI § 50(a)(6)(C). In order to obtain a court order, a party may file an application and follow the procedures under Rule 736 to receive an expedited order "allowing the foreclosure of the lien." TEX. R. CIV. P. 736.1. Rather than treat these Rule 736 proceedings as part of a judicial foreclosure proceeding, the rules expressly distinguish between Rule 736 proceedings and judicial foreclosures, stating that "[a] Rule 736 order is not a substitute for a judgment for judicial foreclosure," and that "any loan agreement, contract, or lien that may be foreclosed using Rule 736 procedures may also be foreclosed by judgment in an action for judicial foreclosure." TEX. R. CIV. P. 736.3. As one Court noted, the Rule 736 proceeding is a "special proceeding" that "provides a faster, more streamlined alternative to judicial foreclosure," but it is not necessarily part of the judicial foreclosure process.

*Huston*, 359 S.W.3d at 682. "The only issue to be determined in a Rule 736 proceeding is whether a party may obtain an order under Rule 736 to proceed with foreclosure under applicable law and the terms of the loan agreement, contract, or lien sought to be foreclosed." TEX. R. CIV. P. 735.2. In other words, while a party may be required to apply for an order under Rule 736 to proceed with foreclosure on a home equity loan, the inquiry during the Rule 736 hearing is limited, and the party may proceed with non-judicial foreclosure proceedings after securing such an order. *See also* TEX. R. CIV. P. 736.9 ("An order is without prejudice and has no res judicata, collateral estoppel, estoppel by judgment, or other effect in any other judicial proceeding. After an order is obtained, a person may proceed with the foreclosure process under applicable law and the terms of the lien sought to be foreclosed."). Thus, even if a party was required to produce the original note when it judicially foreclosed on a property, such a requirement would not necessarily require Defendants to produce the note here, because after they secure a Rule 736 order of foreclosure, they may proceed with non-judicial foreclosure procedures, which, as noted, do not require that the mortgagee produce the note.

For the above stated reasons, Hearn's allegations in his Petition, as well as his argument that Defendants must show that they possess the original note prior to foreclosing, cannot support a claim for relief. Hearn's claim for a declaratory judgment must therefore be **DISMISSED**.

B.      *Accounting*

In a separate cause of action, Hearn seeks an accounting of all transactions on the mortgage loan. Doc. 1, Orig. Pet. Ex. B-2 ¶¶ 17-18. "An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Watson v. Citimortgage, Inc.*, No. 4:10-CV-707, 2011 WL 4526980, at *9 (E.D. Tex. Sept. 30, 2011) (quoting *Brown v. Cooley Enters., Inc.*, No. 3:11-CV-0124-D, 2011 WL 2200605, at *1 (N.D. Tex. June 7,

2011)). "If Plaintiffs' request for an accounting is a remedy sought rather than a cause of action, the determination of whether an accounting would be an appropriate remedy must await the determination of the liability issues." *Id.* (citing *Shields v. Ameriquest Mortg. Co.*, No. 05-06-01647-CV, 2007 WL 3317533, at *2 (Tex. App.–Dallas 2007, no pet.)). "[W]hether to grant an accounting is within the discretion of the trial court" and is generally only appropriate when "the facts and accounts presented are so complex adequate relief may not be obtained at law." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014).

Hearn pleads his claim for an accounting as a separate cause of action, yet he pleads no facts in support of his claim to suggest that he is seeking complex information that could not otherwise be determined through normal discovery procedures. *See T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717-18 (Tex. App.–Houston [14th Dist.] 2002, pet. denied) ("When a party can obtain adequate relief at law through the use of standard discovery procedures, such as requests for production and interrogatories, a trial court does not err in not ordering an accounting."). Furthermore, even if Hearn only sought an accounting as a remedy, he has failed to plead sufficient facts to establish liability for any cause of action against Defendants. Accordingly, Hearn fails to state a claim for accounting and otherwise fails to establish his entitlement to an accounting as a remedy, and his claim is therefore **DISMISSED**.

C. *Claims as to MERS and ASC*

Defendants contend that "Plaintiff's Complaint should be dismissed because it does not give MERS or ASC fair notice of Plaintiff's claims . . . [or] allege any facts whatsoever concerning [MERS or ASC's] involvement in the events giving rise to this litigation." Doc. 16, Def. Mtn. Dismiss 5. Hearn does not respond to these arguments, and the Court cannot discern from the face of the

Petition any allegations that would allow Hearn to recover against MERS or ASC. The Court accordingly finds that any claims Hearn asserts against ASC and MERS are hereby **DISMISSED**.

## IV.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** and Hearn's claims against each of the Defendants are **DISMISSED without prejudice**. Normally, courts will afford a plaintiff the opportunity to overcome pleading deficiencies, unless it appears certain that such re-pleading would be futile. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("[A] court ordinarily should not dismiss the complaint except after affording every opportunity for the plaintiff to state a claim upon which relief can be granted."). Since this Order is the Court's first review of Hearn's allegations, the Court concludes that Hearn should be afforded the opportunity to overcome the deficiencies noted herein.

If Hearn is able to re-plead and overcome the grounds for dismissal stated herein, he should do so by no later than twenty-one (21) days from the date of this Order. Further, any re-pleading shall be accompanied by a synopsis of no more than ten (10) pages, explaining how the amendments overcome the grounds stated for dismissal in this Order. Should Hearn re-plead, Defendants are hereby granted leave to file responses to Hearn's synopsis. Any response shall not exceed ten (10) pages and must be filed within fourteen (14) calender days of the re-pleading. No further briefing will be permitted.

SO ORDERED.

SIGNED August 15, 2014.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE